**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Lorenzo Godinez, | No. CV 08-8071-PCT-MHM (JCG) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

Plaintiff Manuel Lorenzo Godinez, who is confined in the Arizona State Prison Complex-Tucson, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On July 23, 2008, the Court dismissed the Complaint with leave to amend. On July 30, 2008, Plaintiff filed a First Amended Complaint. The Court will order Defendants Shane, Black, Nabors, and Palmer to answer Count I of the Amended Complaint and will dismiss the remaining claim without prejudice.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

**TERMPSREF**

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Amended Complaint

Plaintiff names the following Defendants, who are employed at the Arizona State Prison Complex-Winslow, in the Amended Complaint: (1) C.O. II Shane; (2) C.O. II Black; (3) Sgt. Nabors; and (4) Lt. Palmer.

Plaintiff raises two grounds for relief in the Amended Complaint. In Count I, Plaintiff alleges that his Eighth Amendment rights were violated when Defendants placed an inmate into Plaintiff's cell after that inmate made threats against Plaintiff and Plaintiff's cellmate. Plaintiff states that he was attacked and suffered injuries to his back and head.

In Count II, Plaintiff alleges that he was wrongfully convicted of a disciplinary violation stemming from the incidents in the Count I, and that as a result he lost good time credits.

Plaintiff seeks money damages and the restoration of his good time credits. Plaintiff's allegations in Count I adequately state a claim and the Court will require Defendants Shane, Black, Nabors, and Palmer to answer Count I.

## III. Failure to State a Claim

A prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486 (1994). If judgment in favor Plaintiff regarding the denial of due process in a prison disciplinary proceeding would invalidate the deprivation of good time credits, the claim is barred under Heck unless Plaintiff can show that the disciplinary conviction has been overturned. See Edwards v. Balisok, 520 U.S. 641, 648 (1997).

In Count II, Plaintiff alleges that he was denied due process during disciplinary proceedings and was wrongfully deprived of good time credits. In his request for relief, Plaintiff asks that his good time credits be restored. Because Plaintiff has not shown that his

1 disciplinary conviction has been overturned, his claims in Count II are barred by Heck and
2 Balisok, and must be dismissed.
3 **IV. Warnings**
4     **A. Release**
5 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
6 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
7 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
8 in dismissal of this action.
9     **B. Address Changes**
10 Plaintiff must file and serve a notice of a change of address in accordance with Rule
11 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
12 relief with a notice of change of address. Failure to comply may result in dismissal of this
13 action.
14     **C. Copies**
15 Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
16 of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
17 stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit
18 an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply
19 may result in the filing being stricken without further notice to Plaintiff.
20     **D. Possible Dismissal**
21 If Plaintiff fails to timely comply with every provision of this Order, including these
22 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
23 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
24 comply with any order of the Court).
25 **IT IS ORDERED:**
26     (1) Count II of the Amended Complaint is **dismissed** without prejudice.
27     (2) Defendants Shane, Black, Nabors, and Palmer must answer Count I of the
28 Amended Complaint.

1  (3) The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. #5), this Order, and both summons and request for waiver forms for Defendants Shane, Black, Nabors, and Palmer.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

 (a) personally serve copies of the Summons, Amended Complaint, and this Order upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

 (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of

the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)     **A Defendant who agrees to waive service of the Summons and Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)     Defendants must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10)    Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11)    This matter is referred to Magistrate Judge Jennifer C. Guerin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 12th day of August, 2008.

_____
Mary H. Murguia
United States District Judge